In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 21-3372

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BENJAMIN BIANCOFIORI,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 CR 306-1 — **Harry D. Leinenweber**, *Judge.*

_____

SUBMITTED FEBRUARY 26, 2024 — DECIDED FEBRUARY 28, 2024

_____

Before SYKES, *Chief Judge*, and EASTERBROOK and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A jury convicted Benjamin Biancofiori of sex trafficking by force, in violation of 18 U.S.C. §1591, and he was sentenced to 360 months in prison plus supervised release for life. The evidence permitted the jury to find that, between 2007 and 2016, Biancofiori compelled nine adult women to engage in prostitution, beating them if they tried to escape or failed to hand over their receipts. Details do

not matter for current purposes. We address in this opinion Biancofiori's contention that §1591 covers only the sex trafficking of minors or is unconstitutional. We address his other appellate arguments in a non-precedential order released contemporaneously.

Section 1591(a) reads:

**Sex trafficking of children or by force, fraud, or coercion**

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

The trailing paragraph makes trafficking of a minor an alternative to trafficking of "a person" by "force, threats of force, fraud, coercion … or any combination of such means". Either trafficking through force or trafficking a minor suffices. And if there were doubt (which there is not), the caption—"trafficking of children *or* by force" (emphasis added)—shows that the language of the trailing paragraph is not some kind of garble. A statute's caption cannot diminish the scope of the

statute's text, see *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004), but it can show that the text means what it appears to say, as this caption does. The text and caption together are sufficiently clear that it would be unwarranted to consider legislative history.

Biancofiori insists that this straightforward reading of the statute produces absurd results by penalizing the sex trafficking of adults more harshly than the sex trafficking of minors. Under subsection (b)(2), to which subsection (a) refers, the minimum sentence for sex trafficking of a minor is 10 years' imprisonment, while subsection (b)(1) provides for a 15-year minimum sentence when the defendant traffics any person by force. We have two reactions.

First, we do not see any incongruity in providing that using force increases the minimum sentence. Congress did not take leave of its senses in providing that trafficking an 18-year-old girl by beatings and other physical terror is more serious than trafficking a 17-year-old girl without force.

Second, Biancofiori supposes that judges should use their own ideas of what is absurd or strange to override an explicit statutory text. We held in *Jaskolski v. Daniels*, 427 F.3d 456, 461–62 (7th Cir. 2005); *United States v. Logan*, 453 F.3d 804, 806 (7th Cir. 2006), affirmed, 552 U.S. 23 (2007); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 984–85 (7th Cir. 2008); and *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012), that only linguistic absurdity permits a corrective intervention; substantive matters are for the legislature whether or not a judge finds the choice hard to swallow. As we put it in *Soppet*, 679 F.3d at 642: "[A]djudication is not the continuation of legislation by other means."

We could not find any appellate decision holding that §1591(a) is limited to the sex trafficking of minors. Nor could we find any precedential opinion holding the opposite, though *United States v. Cook*, 782 F.3d 983 (8th Cir. 2015), is close. But the argument has been made frequently in district courts, and at least one district judge bought it. *United States v. Afyare*, 2013 U.S. Dist. LEXIS 86587 (M.D. Tenn. June 12, 2013), reversed, 632 Fed. App'x 272 (6th Cir. 2016). Although the Sixth Circuit did not issue a precedential decision—apparently believing the issue too clear for reasonable debate, see 632 Fed. App'x at 275–79—the fact that a patter of arguments similar to Biancofiori's continues in the district courts implies the need to resolve the matter with precedential effect.

Biancofiori's fallback is that §1591(a) is unconstitutionally vague. For the reasons we have given, however, the statute's rule is well-defined. Biancofiori's argument relies on statements in the legislative history, not on the statutory language. Many a statement by many a legislator is vague, or does not match the enacted statute, but that does not render invalid an enacted text whose meaning is ascertainable. We do not perceive any other plausible constitutional argument against the statute's application to Biancofiori.

AFFIRMED